Matthew M. Boley (8536)
Steven C. Strong (6340)
**COHNE KINGHORN, P.C.**
111 E. Broadway, 11th Floor
Salt Lake City, UT 84111
Telephone: (801) 363-4300
E-mail: mboley@cohnekinghorn.com
sstrong@cohnekinghorn.com

*Proposed attorneys for* debtor-in-possession
MOUNTAIN CRANE SERVICE LLC

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| In re: | Bankruptcy No. 18-20225 |
|---|---|
| **MOUNTAIN CRANE SERVICE LLC** | Chapter 11 |
| Debtor. | Honorable Joel T. Marker |

### DEBTOR'S MOTION FOR ENTRY OF AN ORDER
### AUTHORIZING THE DEBTOR TO SELL CERTAIN CRANES
### "FREE AND CLEAR" OF LIENS, CLAIMS AND ENCUMBRANCES

MOUNTAIN CRANE SERVICE LLC, debtor and debtor-in-possession (the "**Debtor**") in the above-captioned chapter 11 bankruptcy case (the "**Case**"), through counsel, moves the Court for entry of an order authorizing the Debtor to sell certain cranes, as identified on **Exhibit A** attached hereto, with all sales to be free and clear of liens and interests.

### MOTION

A succinct statement of the precise relief sought and the specific grounds for the Motion is as follows.

A. The Debtor's business is centered around providing crane service and related services for its customers. The Debtor owns a fleet of approximately 100 cranes of various types and sizes. To maintain the right mix of cranes for its business, the Debtor, in the ordinary course of its business, buys and sells cranes. The 16 cranes listed on Exhibit A (the "**Excess Cranes**")

are not being utilized profitably by the Debtor and therefore the Debtor would like to sell them as soon as possible.

B.    Each of the Excess Cranes is subject to a security interest held by the secured party listed in the "**Lender**" column on Exhibit A.  The Debtor understands that each Lender must agree (and has agreed or will agree) to the amount it will receive from the sale of its collateral in order to voluntarily release its lien on the subject crane.

C.    Of the Excess Cranes, the first ten are subject to liens of Terex Financial Services ("**Terex**"), three others are subject to liens of Commercial Credit Group ("**CCG**"), two others are subject to liens of Everbank Commercial Finance ("**Everbank**"), and the last one is subject to a lien of Equify Financial ("**Equify**") (collectively, the "**Lenders**").  The Debtor intends that the lesser of the net sale proceeds from each of the Excess Cranes or the secured debt owed to appropriate Lender on that item of collateral will be paid to the appropriate Lender.

D.    The Debtor intends and requests that the first 15 of the Excess Cranes, those subject to liens of Terex, CCG, and Everbank, be sold at a large equipment auction to be conducted by Ritchie Bros. Auctioneers ("**Ritchie Bros.**") February 19 through February 23, 2018.  The primary physical location of this auction is Orlando, Florida, with a satellite location in Las Vegas.  The Debtor is transporting its cranes to be sold at this auction to the Las Vegas location.  This Ritchie Bros. Orlando auction (the "**Orlando Auction**") is a well-publicized annual event, advertised as a "global marketing" opportunity "that generates more demand for your equipment."  The Ritchie Bros. website indicates that last year's Orlando Auction in February 2017 generated interest from 10,400+ bidders from 88 countries, with 10,000+ items sold for more than $188 million.  The Debtor successfully sold several items of excess equipment last year in a Ritchie Bros. auction, and believes that the Orlando Auction is the best opportunity to obtain the best price for the items it would like to sell there this year.

E.    The last item on the Exhibit A list, the crane subject to the Equify lien, will be sold in a private sale to a user in California that is currently renting the crane from the Debtor.  Equify is aware of and supports this pending sale, and will receive the entire net sale proceeds of

{00363992.DOC /}    2

the sale. The proposed buyer is Elite Equipment Leasing, and the proposed sale price is approximately $650,000. The sale is expected to close soon after the Court's order is entered approving the sale.

 *F.* None of the Excess Cranes is critical to the Debtor's business. Further, the Debtor believes that it would be best to sell the Excess Cranes promptly as outlined above in order to maximize their realizable value and avoid the burden and expense of maintaining, storing and insuring the Excess Cranes.

 *G.* Although the potential buyers and sales prices of the cranes to be sold at the Orlando Auction are unknown, the Debtor asks the Court to authorize the Debtor to sell those cranes to such buyers, at such prices and on such terms as are reasonable and customary in these types of auctions conducted by Ritchie Bros., and subject to approval by the appropriate Lender, without the need for further notice or hearing.

 *H.* The Debtor also asks the Court for authority to pay to Ritchie Bros. auctioneer fees of 10% of the gross sales price of the cranes sold by Ritchie Bro. without the need for further notice or hearing.

 *I.* Although the Debtor is not aware of any liens or interests in the Excess Cranes other than the Lenders indicated in Exhibit A, out of an abundance of caution, the Debtor requests authority to sell the Excess Cranes free of any liens, claims or interests.

 *J.* Finally, the Debtor respectfully requests that, under the circumstances and for cause shown, the Court waive the fourteen day stay otherwise imposed by Federal Rule Bankruptcy Procedure 6004(h).

## **MEMORANDUM OF POINTS AND AUTHORITIES**

**I. JURISDICTION AND VENUE**

 1. The Court has jurisdiction over the Case and the Motion pursuant to 28 U.S.C. §§ 1334 and 157.

 2. The Motion is a core proceeding pursuant to 28 U.S.C. §§ 157(b).

3. Venue of the Case and of the Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The legal predicates for the relief sought in the Motion are 11 U.S.C. §§ 363(b), 363(f) and 554, and Federal Rules of Bankruptcy Procedure 6004, 6007 and 9014.

## II.    BACKGROUND

5. On January 12, 2018 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), in the United States Bankruptcy Court for the District of Utah (the "**Court**").

6. Since the Petition Date, the Debtor has been managing its assets and properties as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. No examiner or trustee has been appointed in the Case, and no official committee of creditors or equity interest holders has been established.

## III.    FACTS RELEVANT TO THE MOTION

8. The Debtor is the legal and equitable owner of the Excess Cranes.

9. To the best of the Debtor's knowledge and belief, the Excess Cranes are not subject to any liens or encumbrances except those of the Lenders as indicated on Exhibit A.

10. The Excess Cranes are not being profitably utilized by the Debtor at this time and are not necessary or critical to the Debtor's business.

11. The prices at which each of the Excess Cranes will be sold are subject to the consent of the appropriate Lender before such Lender will agree to release its lien.  The Debtor understands that the normal auction procedure of Ritchie Bros. is to obtain consent and authority, and a release, from each party holding a record lien on an item of equipment before it will complete an auction sale of that item, and that Ritchie Bros. will follow that procedure with regard to the Excess Cranes the Debtor proposes to sell at the Orlando Auction.

12. The sale of the Excess Cranes will benefit the bankruptcy estate by effecting a significant reduction in the Debtor's ongoing debt burden and by eliminating the ongoing expenses associated with storing, maintaining and insuring them.

**IV.     RELIEF REQUESTED**

13.     The Debtor respectfully requests the entry of an order, pursuant to 11 U.S.C. § 363(b) and Federal Rules of Bankruptcy Procedure 6004 and 9014, authorizing it to sell the Excess Cranes on such terms and conditions and at such prices as described above.

14.     The Debtor further asks the Court to authorize the payment of auction commissions of 10% of the gross sales price without the need for further notice or hearing.

15.     Finally, the Debtor respectfully requests that for cause show, as demonstrated by the circumstances discussed above, the Court waive the fourteen day stay otherwise imposed by Federal Rule Bankruptcy Procedure 6004(h).

**V.      BASIS FOR RELIEF REQUESTED**

   **A.     The Court Should Approve the Sale of the Excess Cranes.**

16.     Pursuant to section 363(b) of the Bankruptcy Code and subject to the requirement of prior notice and a hearing, the Debtor is empowered to "use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b). Furthermore, the Court has the authority, in its discretion, to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [title 11]." 11 U.S.C. § 105(a).

17.     A sale of assets proposed by a trustee or debtor-in-possession should be authorized and approved if the sale is supported by a sound business reason and is based on a sound exercise of business judgment. See, e.g., In re Medical Software Solutions, 286 B.R. 431, 440-41 (Bankr. D. Utah 2002).

18.     The Debtor, in the exercise of its business judgment, has determined that a rapid sale of the Excess Cranes is in the best interests of its Chapter 11 bankruptcy estate.

19.     The Debtor believes that the value of the Excess Cranes can be maximized by a prompt sale as outlined above, and the Debtor understands that each of the appropriate Lenders agrees.

### B. The Court Should Authorize the Sale of the Excess Cranes "Free and Clear" of Liens.

20. The Debtor is not aware of any liens, interests or encumbrances that currently exist against the Excess Cranes except for the Lenders shown in the Exhibit A.

21. Nevertheless, in light of this bankruptcy proceeding, a potential buyer may be reluctant to purchase one or more of the Excess Cranes if they have unresolved concern whether they are buying property subject to liens.

22. Under section 363(f) of the Bankruptcy Code, a debtor-in-possession may sell property "free and clear" of any lien, claim, encumbrance or other interest in such property if, among other reasons, "such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest." 11 U.S.C. § 363(f)(5).

23. The Court should order that the sale of the Excess Cranes will be "free and clear" of any liens, claims or interests.

### C. Cause Exists to Waive the Fourteen-Day Stay.

24. Pursuant to Federal Rule Bankruptcy Procedure 6004(h), an order approving the sale of property of the estate ordinarily is stayed for a period of fourteen (14) days. Cause exists in the instant Case to order otherwise.

25. As stated in the 1999 Advisory Committee Note to Rule 6004, the purpose of the fourteen day stay is "to provide sufficient time for a party to request a stay pending appeal of an order authorizing the use, sale, or lease of property … before the order is implemented." Accordingly, if no party objects to the Motion, then the stay would serve no purpose because no party would have the right to appeal.

26. Additionally, a stay of the sale order would negatively impact the Debtor and the estate, as explained above. In short, the sooner the Excess Cranes can be sold, the greater the benefit to the estate.

### VI. PRAYER FOR RELIEF

WHEREFORE, the Debtor respectfully prays that the Court enter an Order:

A. GRANTING the Motion;

  B. pursuant to 11 U.S.C. § 363(b) and Federal Rules of Bankruptcy Procedure 6004 and 9014, authorizing the Debtor to sell the Excess Cranes as outlined above;

  C. declaring any sale of the Excess Cranes to be "free and clear" of any liens, claims or interests;

  D. authorizing the Debtor to pay commissions of 10% of the gross sales price of the Excess Cranes sold at the Orlando Auction to Ritchie Bros.;

  E. waiving the fourteen-day stay otherwise imposed by Federal Rule Bankruptcy Procedure 6004(h); and

  F. granting such other and further relief as the Court deems just and proper.

DATED this 12th day of January, 2018.

**COHNE KINGHORN, P.C.**

/s/ Steven C. Strong
Matthew M. Boley
Steven C. Strong
*Proposed attorneys for* debtor-in-possession
MOUNTAIN CRANE SERVICE LLC

# Exhibit A

{00363992.DOC /}

| MC Unit Number | S/N or VIN | Make | Model | Year | Lender | Type | Total Note Payment | % of Note | Estimated Payment | Estimated Payoff |
|---|---|---|---|---|---|---|---|---|---|---|
| RT-110-3 | 1T9RT114HDW161411 | Terex | QUAD STAR | 2013 | Terex | Loan | 9,727.99 | 100% | 9,727.99 | 583,282.34 |
| RT-60-8 | 13988 | Terex | RT-555-1 | 2006 | Terex | Combo Loan | 23,401.07 | 50% | 11,700.54 | 127,519.30 |
| RT-60-13 | 13471 | Terex | RT-555-1 | 2004 | Terex | Combo Loan | 23,401.07 | 50% | 11,700.54 | 127,519.30 |
| RT-60-9 | 14837 | Terex | RT-555-1 | 2007 | Terex | Combo Loan | 23,401.07 | 18% | 4,249.63 | 157,741.36 |
| RT-80-5 | 15048 | Terex | RT780 | 2007 | Terex | Combo Loan | 23,401.07 | 27% | 6,383.81 | 236,959.49 |
| RT-80-6 | 15218 | Terex | RT780 | 2007 | Terex | Combo Loan | 23,401.07 | 27% | 6,383.81 | 236,959.49 |
| RT-80-8 | 15288 | Terex | RT780 | 2007 | Terex | Combo Loan | 23,401.07 | 27% | 6,383.81 | 236,959.49 |
| RT-110-4 | 161392 | Terex | QUAD STAR | 2013 | Terex | Combo Loan | 16,599.43 | 50% | 8,299.72 | 548,154.90 |
| RT-110-5 | 161579 | Terex | QUAD STAR | 2014 | Terex | Combo Loan | 16,599.43 | 50% | 8,299.72 | 548,154.90 |
| RT-60-10 | 14653 | Terex | RT-555-1 | 2007 | Terex | Single Loan | 3,339.02 | 100% | 3,339.02 | 161,056.59 |
| | | | | | | | | | 76,468.58 | 2,964,307.14 |
| | | | | | | | | | | |
| RT-90-11 | 230928 | Grove | RT890E | 2010 | CCG | Combo Loan | 29,198.00 | 19% | 5,643.97 | 255,662.59 |
| RT-90-13 | 232486 | Grove | RT890E | 2013 | CCG | Combo Loan | 29,198.00 | 33% | 9,778.41 | 442,945.68 |
| RT-90-7 | 230987 | Grove | RT890E | 2010 | Everbank | Single Loan | 6,203.14 | 100% | 6,203.14 | 236,534.24 |
| CR-100-1 | 10001154 | Manitowoc | 10000 | 2009 | CCG | Combo Loan | 27,202 | 14% | 3,791.96 | 171,769.42 |
| CR-300-1 | L9J57040 | LinkBelt | LS348 | 2005 | Everbank | Combo Loan | 59,639.37 | 24% | 14,277.67 | 540,829.45 |
| | | | | | | | | | 39,695.15 | 1,647,741.38 |
| | | | | | | | | | | |
| HT-110-4 | 476S90008CS232533 | Grove | TMS 9000E | 2012 | Equify | Loan | 13,486.00 | 100% | 13,486 | 635,096 |
| | | | | | | | | | 13,486 | 635,096 |